UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES D. LYONS, ) | Case No. 4:03 CV 0244 |
| ) | |
| Plaintiff, ) | Judge Peter C. Economus |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | OF MAGISTRATE JUDGE |
| UNITED STATES OF AMERICA, ) | (Regarding Docket No. 63) |
| ) | |
| Defendant. ) | Magistrate Judge James S. Gallas |
| ) | |

Plaintiff James D. Lyons is a federal prisoner who by way of his "amended and supplemental complaint" (Docket No. 32) seeks $1.5 million in compensatory damages under the Federal Tort Claims Act (FTCA) [28 U.S.C. §2671 et seq.], on three general grounds: negligence in providing a safe and secure environment at FCI Elkton, and related to this negligence in classifying and separation of violent inmates; negligence in treatment of injuries resulting from an inmate assault; and obstruction of justice preventing Lyons from filing any charges against his attackers. Although dispositive motions were due by October 11, 2005 (See Scheduling Order, Docket No. 28), the United States has filed its motion to dismiss and/or transfer on March 24, 2006 (Docket No. 63). Lyons, though, has not objected to the government's dilatory action. Instead he has responded to it with numerous exhibits (See Opposition, Docket No. 68).

*Venue*:

The nondispositive aspect of the government's motion requests a change in venue to the Eastern District of North Carolina. This is the government's primary argument that the Northern

4:03 CV 1620 2

District of Ohio is not the proper venue to adjudicate Lyons' claims arising from the assault at FCI-Elkton, but rather this case should be transferred to the Eastern District of North Carolina due to Lyons' transfer to FMC- Butner in Butner, North Carolina, for treatment of urological problems. The United States, though, did not object to venue in its answer to the "Amended and Supplemental Complaint"even when mailing it to Lyons at FMC-Butner. (See Docket No. 35 filed on April 20, 2004). Consequently the defense of improper venue has been waived. See Fed. R. Civ. P. 12(h)(1)(B).

*Merits of Claims:*

In addition to asserting the defense of improper venue, the United States moves for dismissal of Lyons' claims "because Lyons is housed in a medical facility and obtaining medical care, has no expert testimony to sustain his malpractice claims, the public health officers he has sued are immune from suit [,] and the warden and correction officers were not involved in his treatment and care." With its motion, the United States has attached the declaration of Darrin Howard, Bureau of Prisons record custodian. However the assertions in this affidavit have no relevance to this particular case, but concerned a companion action, Case No. 4:03 CV 1620, *Lyons v. Brandly*. Mr. Howard stated that he had reviewed the amended complaint in which Lyons alleged that several Bureau of Prison staff members were negligent in rendering medical care to Lyons for his urological problems, and that Lyons had been transferred to the Federal Medical Center in Butner, North Carolina and at this FMC Lyons had "around the clock medical care available." (See Declaration, Exhibit 2, Document 63). Nothing in the declaration has any particular relevance to this case since Mr. Howard expressly

4:03 CV 1620 3

stated that he only reviewed claims of denial of medical care related to Lyons' *urological* problems, not head injury. Consequently, Mr. Howard's declaration is not a supporting affidavit with respect to the allegations in this matter.

Lyons recognizes the motion to dismiss as one for summary judgment (See Plaintiff's Opposition to Government's Motion for Summary Judgment, Docket No. 68). And further Rule 56(b) provides that the defending party may move without supporting affidavits for summary judgment. The problem confronting the court is that the United States raises no argument with respect to the claims of negligence in failure to provide a secure environment, treatment of the resulting head injury from the assault by an inmate, and obstruction of justice. United States does acknowledge that there are companion cases filed by Lyons, but its discourse concerns Lyons' allegations of Eighth Amendment violation, medical malpractice in treatment of urological problems, and under the Federal Tort Claims Act with respect to urological problems. Likewise, Lyons' opposition also focuses on the medical evidence concerning his urological problems, not his head injury, or other allegations raised in this action. It would be unfair, though, to construe what is essentially a naked motion for summary judgment to require Lyons to respond to arguments which were never raised, especially considering the fact that he is a *pro se* prisoner (See 10B Wright, Miller and Kane, Federal Practice & Procedure, Civil 3d §2739, pg. 386 (1998)). "The court has a special duty to inform incarcerated and unrepresented parties about the duty to respond to a motion for summary judgment and a failure to provide that notice precludes summary judgment from being entered."). The United States' omission of argument addressing Lyons' allegations in this case,

4:03 CV 1620                                                    4

while focusing on claims that are irrelevant from *Lyons v. Brandly*, lulled and distracted Lyons to likewise omit relevant argument. Consequently, it appears that the motion by the United States to transfer and/or dismiss is a mere exercise, should be denied, and the case set for trial.

### CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that the motion by the United States to transfer and/or dismiss (Docket No. 63) should be denied.

s/James S. Gallas
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: July 17, 2006